| STATE OF NORTH CAROLINA | File No. 19 CVS |
|---|---|
| BUNCOMBE County | In The General Court of Justice<br>☐ District Court  ☒ Superior Court |

| Name of Plaintiff<br>MICHELLE GUERNSEY | **CIVIL SUMMONS**<br>☐ Alias and Pluries Summons (Assess Fee)<br>**COMPLAINT**<br>GS 1A-1, Rules 3 and 4 |
|---|---|
| Address | |
| City, State, Zip | |
| VERSUS | Date Original Summons Issued |
| Name of Defendant(s)<br>TARGET CORPORATION, TARGET ENTERPRISE, INC., TARGET CORPORATE SERVICES, INC., and TARGET FOOD, INC. | Date(s) Subsequent Summons(es) issued |

To Each Of The Defendant(s) Named Below:

| Name & Address of Defendant 1<br>TARGET CORPORATION<br>c/o Registered Agent, CT Corporation System<br>160 Mine Lake Ct., Suite 200<br>Raleigh, NC 27615-6417 | Name & Address of Defendant 2 |
|---|---|

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the Plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

3. File your written responses to the Plaintiff's Interrogatories, Request for Production of Documents within forty-five (45) days after you have been served, and your written responses to the Plaintiff's Request for Admission within sixty (60) days after you have been served.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff)<br>MATTHEW J. MILLISOR<br>PINTO COATES KYRE & BOWERS, PLLC<br>3203 Brassfield Road<br>Greensboro, NC 27410 | Date Issued<br>1-28-19 | Time<br>10:00 | ☒ AM<br>☐ PM |
|---|---|---|---|
| | Signature<br>☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date of Endorsement | Time | ☐ AM<br>☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/16
(Over)
© 2016 Administrative Office of the Courts

EXHIBIT
1

| | RETURN OF SERVICE | |
|---|---|---|
| I certify that this summons and a copy of the complaint were received and served as follows: | | |

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant TARGET CORPORATION |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below:

*Name and address of person with whom copies left (if corporation give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode for the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below:

*Name and address of person with whom copies left (if corporation give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type of Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | FILED | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| BUNCOMBE COUNTY | 2019 JAN 28 A 10:00 | 19 CVS 00368 |

MICHELLE GUERNSEY

    Plaintiff,

v.

TARGET CORPORATION,
TARGET ENTERPRISE, INC.
TARGET CORPORATE SERVICES,
INC., and TARGET FOOD, INC.

    Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff, Michelle Guernsey, by and through the undersigned counsel, and hereby complains of the above-named Defendants and says as follows:

## PARTIES

1. Plaintiff Michelle Guernsey is and at all times relevant to this matter has been a competent adult citizen and resident of Buncombe County, North Carolina.

2. Upon information and belief, Defendant Target Corporation is a foreign corporation with its principal place of business in Minnesota and which is registered to do business in and actively doing business in North Carolina.

3. Upon information and belief, Defendant Target Enterprise, Inc. is a foreign corporation with its principal place of business in Minnesota and which is registered to do business in and actively doing business in North Carolina.

4. Upon information and belief, Defendant Target Corporate Services, Inc. is a foreign corporation with its principal place of business in Minnesota and which is registered to do business in and actively doing business in North Carolina.

5. Upon information and belief, Target Food, Inc. is a foreign corporation with its

1

principal place of business in Minnesota and which is registered to do business in and actively doing business in North Carolina.

6. Upon information and belief, Defendants Target Corporation, Target Enterprise Inc., Target Corporate Services, Inc., and Target Food, Inc. are, and at all times relevant have been, associated companies with common ownership, officers, and/or directors, all of whom operate a business generally known as "Target." Accordingly, Plaintiff shall refer to Defendants collectively as "Target."

7. This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in this Court.

## FACTS

8. Upon information and belief, Target owns and operates a big-box style retail store located at 15 Mckenna Road, Arden, North Carolina ("Target Store").

9. On or about April 1, 2016, Plaintiff was out shopping with her husband when they arrived at the Target Store. Once Plaintiff and her husband were parked, they got out of their car and walked into the store. Plaintiff immediately headed towards the bathroom located near the front of the store.

10. As soon as Plaintiff entered the bathroom, her foot slid on the wet floor, causing her to fall and sustain serious and painful injuries.

11. Upon information and belief, Having created the defective condition, Target was on actual notice of the condition and failed to provide any warning of the dangerous condition.

12. There were no signs, notices, warnings, or any other similar indication that the bathroom floor was wet or slippery in any way.

13. Upon information and belief, Target failed to conduct routine checks in

2

accordance with its internal procedure to ensure that the bathroom floor was safe for customers.

14. Plaintiff did not notice anything visibly wrong with the bathroom floor that would have indicated to her that it was unsafe to walk or stand on.

15. At all times relevant hereto, Plaintiff conducted herself in a safe and reasonable manner.

16. There was no reason or justification for Target to cause the above-referenced incident other than its own negligence.

## CAUSE OF ACTION – NEGLIGENCE

17. Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

18. Plaintiff was lawfully at the Target Store at the time of the incident.

19. Target had a duty to ensure that reasonable measures were taken to avoid injury to persons at the Target Store caused by dangerous conditions which Target was aware or should have been aware upon a reasonable inspection of the property.

20. Target was negligent in the way it allowed the bathroom floor to fall into a slippery and dangerous state and cause dangerous conditions for Target Store customers.

21. Upon information and belief, Target failed to supervise and/or monitor the condition of the bathroom floor at the Target Store in that the bathroom floor did not undergo sufficient regular cleaning, upkeep, or maintenance.

22. Upon information and belief, Target failed to see that the bathroom floor was wet, slippery, and unsafe for customers.

23. Upon information and belief, Target failed to inspect its bathroom floor for potential hazards that were likely to cause injury to its customers.

24. Target should have reasonably foreseen that the conditions at the Target Store

3

were such that its lawful visitors were likely to be exposed to injury by the poor conditions present.

25. The negligence of Target was the proximate cause of the damages to Plaintiff.

26. If Target had exercised reasonable care and adopted reasonable practices for supervising and maintaining its bathroom floor, Plaintiff would not have sustained the serious and painful injuries that she did.

27. As a direct, foreseeable, and proximate result of Target's negligence, Plaintiff suffered damages, including medical expenses, pain and suffering, and other damages to be proven at the trial of this matter.

28. As a direct and proximate result of Target's negligence, Plaintiff has incurred damages in an amount in excess of $25,000.

WHEREFORE, Plaintiff prays the Court orders as follows:

1. That Plaintiff have and recover damages against Defendants, jointly and severally, in an amount in excess of $25,000, to be proven at trial.

2. That Plaintiff shall recover all such costs, interest, and attorney's fees as are permitted by law;

3. That Plaintiff have a trial by jury on all issues so triable; and

4. That Plaintiff have all such other and further relief as may be just and proper, in the discretion of this Honorable Court.

This the 25th day of January, 2019.

          PINTO COATES KYRE & BOWERS, PLLC

          */s/ Matthew J. Millisor*

          Jon Ward
          N.C. State Bar # 37122
          Matthew J. Millisor
          N.C. State Bar # 50881
          3203 Brassfield Road
          Greensboro, NC 27410
          Telephone: (336)282-8848
          Facsimile: (336)282-8409
          jward@pckb-law.com
          mmillisor@pckb-law.com
          *Attorneys for Plaintiff*